**FIFTH DIVISION**
**MCFADDEN, P. J.,**
**BRANCH and BETHEL, JJ.**

**NOTICE: Motions for reconsideration must be**
***physically received* in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**May 4, 2017**

# In the Court of Appeals of Georgia

A17A0464.  FREEMAN  v.  THE  PARK  AT  HAIRSTON
  APARTMENTS.

BRANCH, Judge.

In this dispossessory proceeding, Yevette Freeman appeals pro se from an order of the DeKalb County Superior Court denying her application to proceed in forma pauperis. For reasons explained below, we vacate the trial court's order and remand the case for further proceedings.

The relevant facts are undisputed and show that on May 4, 2016, the DeKalb County Magistrate Court entered final judgment against Freeman and in favor of The Park at Hairston Apartments in a dispossessory action brought by the apartment complex. Freeman appealed that judgment to the Superior Court. On May 10, 2016, the clerk of the Superior Court sent Freeman a notice stating that before her appeal

could be filed, Freeman was required to pay the filing fee of $214. The notice further stated that "[i]f the costs are not paid within (30) days, the case will be dismissed for want of prosecution and will be returned to Magistrate Court." The notice was sent via certified mail to Freeman at an address that we presume she provided to the clerk at the time she filed her notice of appeal.[1] On June 8, 2016, that notice was returned to the clerk's office as "unclaimed." Approximately one week later, on June 16, 2016, Freeman filed an application to proceed without paying costs together with a supporting affidavit of poverty.[2]

The trial court considered Freeman's application under OCGA § 9-15-2, which provides that when a pro se litigant in a civil action files an affidavit of poverty and seeks to proceed without paying costs,

> the clerk of court shall not file the matter but shall present the complaint or other initial pleading to a judge of the court. The judge shall review the pleading and, if the judge determines that the pleading shows on its face such a complete absence of any justiciable issue of law or fact that it cannot be reasonably believed that the court could grant any relief

---

[1] The clerk did not include a copy of Freeman's notice of appeal to the superior court in the appellate record.

[2] A copy of Freeman's application was not included in the appellate record. The trial court's order denying that application, which was entered on June 17, states that Freeman filed the application on June 16.

against any party named in the pleading, then the judge shall enter an order denying filing of the pleading. If the judge does not so find, then the judge shall enter an order allowing filing and shall return the pleading to the clerk for filing as in other cases. . . .

OCGA § 9-15-2 (d).

After considering Freeman's application, the trial court denied the same based on its finding that the application was untimely. Specifically, the trial court reasoned that because the clerk's office had directed Freeman to pay the bill of costs by June 9, 2016,[3] Freeman was required either to pay the costs or file an affidavit of poverty by that date. Freeman challenges this ruling on appeal.

We find that the trial court erred in relying on OCGA § 9-15-2 (d) to deny as untimely Freeman's application to proceed in forma pauperis. Assuming arguendo that OCGA §9-15-2 applies to notices of appeal filed in the Superior Court,[4] the

---

[3] This date represented 30 days from the date of the notice sent to Freeman by the clerk's office.

[4] The plain language of OCGA § 9-15-2 states that the statute applies to "complaint[s]" and other "initial pleading[s]." And the Civil Practice Act, which governs actions in the superior court, does not include a notice of appeal within its definition of "pleadings." See OCGA § 9-11-7 (defining "pleadings" to include a complaint, an answer, a third-party complaint, a third-party answer, a reply to a counterclaim, an answer to a cross-claim, and a reply to an answer or a third-party answer). The current appeal, however, does not require us to decide whether OCGA § 9-15-2 applies where a party seeks to proceed in forma pauperis on an appeal in superior court from a judgment entered against him in magistrate or state court.

language of that code section does not authorize a dismissal for failure to file a timely application to proceed in forma pauperis. Instead, it allows the trial court to refuse to accept a pro se complaint or other pleading for filing only if the court determines "that it cannot be reasonably believed that the court could grant any relief against any party named in the pleading."[5] Here, the trial court made no such determination, and therefore it could not rely on OCGA § 9-15-2 to deny Freeman's application.

Moreover, the code section that authorizes a superior court to dismiss an appeal for failure either to pay costs or file an affidavit of poverty is OCGA § 5-3-22 (a), which provides:

> No appeal shall be heard in the superior or state court until *any costs which have accrued in the court . . . below* have been paid unless the appellant files with the superior or state court . . . an affidavit stating that because of indigence[,] he or she is unable to pay the costs [of an] appeal. In all cases, no appeal shall be dismissed in the superior or state court because of *nonpayment of the costs below* until the appellant has been directed by the court to do so and has failed to comply with the court's direction.

---

[5] The trial court may also "inquire into the truth of the affidavit of indigence," even where that affidavit has not been challenged by the filing of a traverse affidavit. OCGA § 9-15-2 (b).

4

(Emphasis supplied.) This case, however, does not involve Freeman's failure to pay costs in the Magistrate Court. Instead, it involves Freeman's failure either to pay the filing fee owed in Superior Court or file an affidavit of poverty in that court. Accordingly, OCGA § 5-3-22 (a) provides no basis for affirming the trial court's order.

For the reasons set forth above, we vacate the order of the trial court denying Freeman's motion to proceed in forma pauperis, and we remand the case for further proceedings consistent with this opinion.

*Judgment vacated and case remanded. McFadden, P. J., and Bethel, J., concur.*